**FILED**

DEC 1 9 2018

Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JAMIE L. W., | CV 17–122–M–DLC–JCL |
| Plaintiff, | |
| vs. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

United States Magistrate Judge Jeremiah C. Lynch entered his Order and Findings and Recommendations on October 16, 2018, recommending that the Social Security Administration's denial of benefits be reversed and this matter be remanded to the agency for further proceedings. (Doc. 21.) The Commissioner did not timely object to the Findings and Recommendations, and so waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court reviews for clear error those findings and recommendations to which no party objects. *See Thomas v. Arn*, 474 U.S. 140, 149–53 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been made." *Wash. Mut., Inc. v. United States*, 856 F.3d 711, 721 (9th Cir. 2017)

-1-

(citation omitted).

Having reviewed the Findings and Recommendation (Doc. 21), the Court finds no clear error in Judge Lynch's analysis. Judge Lynch did not clearly err in determining that the Administrative Law Judge ("ALJ") failed to give specific and legitimate reasons for rejecting the opinions of the Plaintiff's treating providers, particularly those of Dr. Brett Heath. *See Hill v. Astrue*, 698 F.3d 1153, 1159–60 (9th Cir. 2012). Nor does the Court find clear error in Judge Lynch's determination that the ALJ failed to give clear and convincing reasons to discredit the Plaintiff's subjective symptom testimony when she presented "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citation and internal quotation marks omitted). The Court further concludes that the record and the law support Judge Lynch's determinations that: (1) the ALJ failed to give adequate reasons to discredit lay witness testimony; and (2) the ALJ did not err in assessing the severity of the Plaintiff's carpal tunnel syndrome and migraine headaches. The Court concurs in Judge Lynch's determination that the record is unclear as to whether the Plaintiff will ultimately be entitled to benefits, and it accordingly adopts the recommendation to remand for further proceedings, rather than for an award of benefits. *See Leon v. Berryhill*, 880 F.3d 1041, 1045–46 (9th Cir. 2017).

Accordingly, IT IS ORDERED that Judge Lynch's Findings and

Recommendation (Doc. 21) are ADOPTED IN FULL.    The Commissioner's

decision is REVERSED, and this matter is REMANDED pursuant to sentence four

of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

DATED this 19th day of December, 2018.

Dana L. Christensen, Chief Judge
United States District Court